UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                                            Case Nos. 17-20292, 18-13223

JEREMY SHERROD,                                                HON. AVERN COHN

    Defendant/Petitioner.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 100)

I.

This is a criminal case. Defendant/Petitioner, Jeremy Sherrod, filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255 essentially contending that Hobbs Act robbery does not qualify as a predicate "crime of violence" to support a conviction under 18 U.S.C. § 924(c) after the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015) and Sessions v. Dimaya, 138 S. Ct. 1204 (2018). The government argued that Sherrod's motion is procedurally defaulted and lacks merit. The Court denied the motion for lack of merit and declined to issue a certificate of appealability. (Doc. 98).

Before the Court is Sherrod's motion for reconsideration. For the reasons that follow, the motion is DENIED.

II.

A motion for reconsideration will be granted only if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. See E.D. Mich. LR 7.1(h)(3); Taylor v. DaimlerChrysler AG, 313 F. Supp. 2d 703, 706 (E.D. Mich. 2004). A motion for reconsideration which presents issues already ruled upon by the district court, either expressly or by reasonable implication, will not be granted. See Hence v. Smith, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); Czajkowski v. Tindall & Assoc., P.C., 967 F. Supp. 951, 952 (E.D. Mich. 1997).

III.

Sherrod has not met the standard for reconsideration. Sherrod reargues the merits of his motion, i.e. that his conviction for Hobbs Act robbery is not a crime of violence. However, as the Court explained, many courts have held that "Hobbs Act robbery qualifies as a crime of violence under the force clause of section 924(c)(3)(A), not the residual clause." See e.g., Washington v. United States, No. 11-20483, 2016 WL 4089133, at *1 (E.D. Mich. Aug. 2, 2016); Byrd v. United States, 1:16-cv-186, 2016 WL 4009884, at *2 (E.D. Tenn. July 25, 2016) (noting that even if Johnson's reasoning invalidated § 924(c)'s residual clause, Hobbs Act robbery would remain a crime of violence under the force clause of § 924(c); United States v. Gooch, 850 F.3d 285 (6th Cir. 2017). Because Hobbs Act robbery is a crime of violence, Sherrod's conviction under the "force" clause of § 924(c) is valid and unaffected by Johnson or Dimaya. Sherrod continues to argue that United States v. Camp, 903 F.3d 594 (6th Cir. 2018) supports his claim. In Camp, the Sixth Circuit held that Hobbs Act robbery does not

qualify as a "crime of violence" <u>under the sentencing guidelines</u>.  However, the Sixth Circuit also noted that Hobbs Act robbery still qualifies as a predicate offense under 18 U.S.C. § 924(c).  Overall, Sherrod has not shown that the Court erred in denying his motion under § 2255 or in denying a certificate of appealability.

    SO ORDERED.

<u>S/Avern Cohn</u><br>
AVERN COHN<br>
UNITED STATES DISTRICT JUDGE

Dated: 4/18/2019
      Detroit, Michigan